

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re                                    )   Case No. 13-28174-C-7
                                         )   Docket Control No. UST-2
FRANCES E. BRANCH,                       )
                                         )
                    Debtor.              )
_____ )

## MEMORANDUM OPINION AND DECISION

This Contested Matter ("Motion") commenced by the U.S. Trustee requests an order requiring David L. Bryant ("Bryant") to: (1) disgorge fees received as a bankruptcy petition preparer, (2) pay fines for his conduct as a bankruptcy petition preparer, and (3) grant the Debtor, Frances E. Branch ("Branch"), statutory damages in connection with services provided to Branch in this bankruptcy case. This Motion focuses on the business of Bryant which provided loan modification services to Branch for three loans secured by real property. It is asserted that these services included Bryant preparing documents for Branch to file with the United States Bankruptcy Court.

The court finds (1) that Bryant is a bankruptcy petition preparer as defined in 11 U.S.C. § 110(a), (2) that Bryant has not complied with the requirements of 11 U.S.C. § 110(b) in this case, and (3) based on such noncompliance, the disgorgement of fees, imposition of fines, and awarding of statutory damages is proper.

No request for, or evidence of, actual damages suffered by Branch has been made to the court as part of this Motion.

### JURISDICTION

The rights, obligations, and duties which are the subject of this Motion arise under the Bankruptcy Code itself, 11 U.S.C. § 110. Federal court jurisdiction for this Motion exists pursuant to 28 U.S.C. § 1334(a), (b). The claims being asserted and rights being determined were created by Congress as part of the Bankruptcy Code. This is a core proceeding arising under the Bankruptcy Code. In this core proceeding Motion, it is for the bankruptcy judge to issue all orders and the final judgment. *See* 28 U.S.C. § 157(b)(1), (2), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District, E.D. Cal. Gen. Order 182, 223.

### PRESENTATION OF EVIDENCE AT EVIDENTIARY HEARING

Pursuant to the Order setting this Evidentiary Hearing,[1] non-hostile witness testimony for each party was presented by alternative direct testimony pursuant to Local Bankruptcy Rule 9017-1.[2]

The U.S. Trustee's Direct Testimony Statement and exhibits were required to be lodged with the court and served by October 28, 2013. The U.S. Trustee submitted the following Direct Testimony

---

[1] Order, Dckt. 72.

[2] This court addressed Local Bankruptcy Rule 9017-1 and the use of Alternative Direct Testimony Statements in its Memorandum Opinion and Decision for the U.S. Trustee's motion to impose fines and disgorge fees for Bryant's alleged violations of 11 U.S.C. § 110 in the *Vladimir and Snezhanna Semchenko* bankruptcy case. Bankr. E.D. Cal. 11-44878, DCN: UST-1 FN 33, Dckt. 275. The court incorporates by reference Footnote 33 of that Memorandum Opinion and Decision by this reference.

Statements and Exhibits in support of its case in chief:

**DIRECT TESTIMONY STATEMENTS**

    1.    Frances E. Branch (Chapter 7 Debtor).

    2.    Ralph Johnson.

**EXHIBITS (Identified by Exhibit Number)**

    3.    Payment for services by David L. Bryant Letter Dated November 5, 2012, Winchester Consulting, LLC Letterhead, David L. Bryant, Managing Member.

    4.    Deposit Slips for David L. Bryant Bank of America Account ****-6597.

    5.    Bank of America Deposit Receipt Dated December 28, 2012, for $1,500.00 Deposit in Bryant Account ****-6597.

    6.    Bank of America Deposit Receipt Dated March 4, 2013, for $1,500.00 Deposit in Bryant Account ****-6597.

    7.    Carbon of Check From Branch dated February 5, 2013, to Bryant for $1,500.00.

    8.    Carbon of Check From Branch dated March 27, 2013, to Bryant for $1,500.00.

    9.    Receipt Dated March 4, 2013, From Winchester Consulting, LLC for Receipt of $1,500.00 from Branch, signed by David L. Bryant, Managing Member.

   10.   Not Admitted.

   11.   Certified Copy of bankruptcy court docket for Branch bankruptcy case 13-28174.

   12.   Certified Copy of Petition, Summary of Schedules, Schedule A, and Statement of Intention filed in Branch bankruptcy case 13-28174.

   13.   Certified Copy of Verification of Master Address List filed in Branch bankruptcy case 13-28174.

   14.   Certified Copy of Application to Pay Filing Fees in Installments filed in Branch bankruptcy case 13-28174.

   15.   Certified Copy of Amendment Cover Sheet and Amended Verification of Master Mailing List filed in Branch bankruptcy case 13-28174.

16. Certified Copy of Amended Summary of Schedules, Amended Statistical Summary, Exhibit D - Debtor's Statement of Compliance, Amended Schedule A, Schedule B, Schedule C, Schedule D, Schedule E, Schedule F, Schedule G, Schedule H, Schedule I, Schedule J, Declaration Concerning Debtor's Schedules, Statement of Financial Affairs, and Amended Statement of Intention filed in Branch bankruptcy case 13-28174.

17. Certified Copy of Chapter 7 Statement of Current Income (Form 22A) filed in Branch bankruptcy case 13-28174.

18. Certified Copy of Amended Chapter 7 Statement of Current Income (From 22A) filed in Branch bankruptcy case 13-28174.

19. Certified Copy of Notice of Substitution of Counsel filed in Branch bankruptcy case 13-28174.

20. Blank Notice to Debtor by Non-Attorney Bankruptcy Petition Preparer Form (Form B19).

21. Certified Copy of Complaint for Injunctive Relief, Adv. No. 12-02573, Paragraph 11 Admitted.

22. Certified Copy of Answer of Bryant to Complaint in Adv. No. 12-02573, ¶ 11 Admitted, Admitting Paragraph 11 of the Complaint.

23. Deposition Transcript, October 15, 2013 Deposition of Bryant, Pages 1-4 and Page 48 Admitted.

24. Not Admitted.

25. Not Admitted.

26. Certified Copy of Motion For Fines, Fee Disgorgement, and Damages, DCN: UST-2, filed in Branch bankruptcy case 13-28174.

27. Certified Copy of Bryant Response to Motion, DCN: UST-2, filed in Branch bankruptcy case 13-28174.

28. Not Admitted.

29. Exhibits to Motion, DCN: UST-2, Admitted all except pages 3-5 and 13-15.

30. Certified Copy of Notice of Related Cases filed in Branch bankruptcy case 13-28174.

31. Certified Copy of Evidentiary Hearing Order for

1    Motion, DCN: UST-2, filed in Branch bankruptcy case
     13-28174.
2

3      Bryant's Direct Testimony Statements and Exhibits were

4  required to be lodged with the court and served by November 4,

5  2013. Bryant did not lodge with the court or serve any Direct

6  Testimony Statements. Bryant lodged with the court two binders of

7  unauthenticated exhibits. Of those, only Exhibit 46 was admitted

8  into evidence. Bryant did not present, as permitted under Local

9  Bankruptcy Rule 9017-1, any rebuttal witnesses. Bryant extensively

10 cross-examined and also presented into evidence direct examination

11 testimony of the U.S. Trustee witnesses as part of Bryant's case in

12 chief.

13          **BANKRUPTCY CODE STATUTORY REQUIREMENTS AND REMEDIES**

14     This Motion is based on the obligations and remedies created

15 by Congress under 11 U.S.C. § 110 – Penalty for persons who

16 negligently or fraudulently prepare bankruptcy petitions. Congress

17 has statutorily defined a "bankruptcy petition preparer" in

18 11 U.S.C. § 110(a) as follows,

19     (a) In this section--

20         (1) "bankruptcy petition preparer" means a person,
       other than an attorney for the debtor or an employee of
21     such attorney under the direct supervision of such
       attorney, who prepares for compensation a document for
22     filing; and

23         (2) "document for filing" means a petition or any
       other document prepared for filing by a debtor in a
24     United States bankruptcy court or a United States
       district court in connection with a case under this
25     title.

26 This statutory definition is very broad in scope, excluding only an

27 attorney for a debtor or an employee of, and directly supervised

28 by, the attorney for a debtor.

5

The bankruptcy petition preparer must sign and print the preparer's name and address on the document which was prepared for a debtor to be filed with a United States bankruptcy court or United States district court.[3]    In addition, the bankruptcy petition preparer shall provide the debtor a written notice that a bankruptcy petition preparer is not an attorney and may not practice law or give legal advice.    The written notice must be signed by the debtor and, under penalty of perjury, by the bankruptcy petition preparer.[4]

The bankruptcy petition preparer is also required to provide an identifying number, after the preparer's signature, which identifies the individual who prepared the document.    This identifying number is the Social Security account number of each individual bankruptcy petition preparer, or the officer, principal, responsible person, or partner if the bankruptcy petition preparer is not an individual.[5]

Congress created specific limitations on the services provided by, and the conduct of, a bankruptcy petition preparer.

    A.    A bankruptcy petition preparer shall not execute any document on behalf of a debtor.

    B.    A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including, without limitation,

        1.    whether-

            a.    to file a petition under this title; or

            b.    commencing a case under chapter 7, 11, 12, or

---

[3] 11 U.S.C. § 110(b)(1).

[4] 11 U.S.C. § 110(b)(2).

[5] 11 U.S.C. § 110(c).

13 is appropriate;

2. whether the debtor's debts will be discharged in a case under this title;

3. whether the debtor will be able to retain the debtor's home, car, or other property after commencing a case under this title;

4. concerning-

   a. the tax consequences of a case brought under this title; or

   b. the dischargeability of tax claims;

5. whether the debtor may or should promise to repay debts to a creditor or enter into a reaffirmation agreement with a creditor to reaffirm a debt;

6. concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or

7. concerning bankruptcy procedures and rights.

11 U.S.C. § 110(e). (All of the above collectively referred to as "Prohibited Services" in this Memorandum Opinion and Decision.) The bankruptcy petition preparer is also prohibited from using the word "legal" or any similar term in any advertisements, or advertise under any category that includes the word "legal" or any similar term.[6]

This statute further provides that the Supreme Court by rule or the Judicial Conference of the United States by guidelines may set the maximum allowable fee chargeable by a bankruptcy petition preparer. A bankruptcy petition preparer is required to notify a debtor of any such maximum amount before preparing any document for filing for that debtor or accepting any fee from, or on behalf of,

///

---

[6] 11 U.S.C. § 110(f).

that debtor.[7]  The bankruptcy petition preparer's declaration shall include a certification that the bankruptcy petition preparer provided notification of the maximum fee set by rule or guidelines which may be charged by the bankruptcy petition preparer. In the Eastern District of California the reasonable maximum fee charged by a bankruptcy petition preparer is presumptively $125.00.[8]

A bankruptcy petition preparer's disclosure of fees is not limited to only those fees which the bankruptcy petition preparer allocates for the preparation of documents to be filed with the court. A bankruptcy petition preparer also must file a declaration under penalty of perjury disclosing any fee received from or on behalf of a debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.[9]

If a bankruptcy petition preparer charges any fee in excess of the value of any services rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or which is in violation of any rule or guideline, the court "shall" (not "may") disallow and order the immediate turnover of such fee, in excess of the amount permitted, to the bankruptcy trustee.[10]  The consequences are more severe for a bankruptcy petition preparer determined by the court to have engaged in any Prohibited Services.   All fees charged by such

---

[7] 11 U.S.C. § 110(h)(1).

[8] *Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Cases*, dated October 20, 1997, ¶ 2.

http://www.caeb.uscourts.gov/documents/forms/Guidelines/GL.Prep.pdf.

[9] 11 U.S.C. § 110(h)(2).

[10] 11 U.S.C. § 110(h)(3)(A).

8

bankruptcy petition preparer engaging in Prohibited Services "may" (not "shall") be forfeited.[11]

A bankruptcy petition preparer who violates § 110 or commits any act that the court finds to be fraudulent, unfair, or deceptive "shall" (not "may") be ordered by the court to pay to the debtor,

    A.    the debtor's actual damages;

    B.    the greater of–

          1.    $2,000; or

          2.    twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

    C.    Reasonable attorneys' fees and costs in moving for damages under 11 U.S.C. § 110.

11 U.S.C. § 110(i)(1). If the trustee or creditor moves for damages on behalf of the debtor under this subsection, the bankruptcy petition preparer "shall" (not "may") be ordered to pay the movant the additional amount of $1,000.00, plus reasonable attorneys' fees and costs.[12]

Congress provides in 11 U.S.C. § 110(l)(1) and (2) additional fines in an amount of not more than $500.00 which "may" (not "shall") be imposed for each Prohibited Service at issue in this Motion. In addition, the amount of such fines "shall" (not "may") be trebled if the court finds that a bankruptcy petition preparer,

    A.    advised the debtor to exclude assets or income that should have been included on applicable schedules;

    B.    advised the debtor to use a false Social Security account number;

---

[11] 11 U.S.C. § 110(h)(3)(B).

[12] 11 U.S.C. § 110(i)(2).

9

C.    failed to inform the debtor that the debtor was filing for relief under this title; or

D.    prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

11 U.S.C. § 110(l)(1), (2).  Fines imposed under § 110(l) shall be paid to the United States Trustee, who shall deposit an amount equal to such fines in the United States Trustee Fund.

The Ninth Circuit Court of Appeals addressed issues relating to bankruptcy petition preparers in *Frankfort Digital Servs. v. Kistler (In re Reynoso)*, 477 F.3d 1117 (9th Cir. 2007).  Services provided by bankruptcy petition preparers are strictly limited to typing bankruptcy forms.[13]  Services or goods which do more than merely fill in forms with information provided by the debtor exceed the permitted activities for a bankruptcy petition preparer.  In *Frankfort*, the Court of Appeals affirmed the determination that software provided by a bankruptcy petition preparer which chose the exemptions to be used by the debtor was similar to other goods and services provided by a bankruptcy petition preparer which made decisions for the debtor (rather than merely filing out documents with information from the debtor) that violate 11 U.S.C. § 110.  This includes providing software programs to consumers which "determines" the exemptions that the consumer should elect for his or her bankruptcy schedules.  There is not even a requirement that the bankruptcy petition preparer personally meet or interact with the consumer for the input of the information or use of the

---

[13] *Id.* at 1125.

10

software to generate the documents for filing.[14]

## DETERMINATION THAT DAVID L. BRYANT IS A BANKRUPTCY PETITION PREPARER AND THAT HE FAILED TO COMPLY WITH 11 U.S.C. § 110

The U.S. Trustee asserts that Bryant engages in the business of being a bankruptcy petition preparer, and that he failed to comply with 11 U.S.C. § 110 in this case. From the evidence presented, the court finds that Bryant is a bankruptcy petition preparer and that he failed to comply with several of the provisions of 11 U.S.C. § 110 in providing those services to Branch.

While finding that Bryant is a bankruptcy petition preparer, those activities were only part of the services that he sold to Branch. The evidence presented clearly establishes that Bryant was engaged to assist Branch in obtaining modifications for three loans secured by real properties owned by Branch. The fee charged by Bryant for these services was $4,000.00 per property. From the testimony provided by Branch and Ralph Johnson ("Johnson"), and the evidence presented by the U.S. Trustee, the court finds that $12,000.00 in payments were made by Branch to Bryant.

The evidence shows that Johnson, assisting Branch as her financial advisor,[15] provided to Bryant extensive information concerning the three properties and their values. Further, that

---

[14] *Id.* at 1123-24.

[15] The financial advisor and personal relationship between Branch and Johnson was not clearly disclosed in the testimony. However, Johnson did testify that his residence was the same as Branch's residence. From the testimony provided the court infers that Johnson was not an independent, third-party investment advisor, but provided that assistance based on the personal relationship between Johnson and Branch.

11

Johnson and Bryant had extensive communications concerning Bryant's activities relating to obtaining the loan modifications for Branch.

One of the properties for which Branch sought a loan modification was her residence. On June 17, 2013, Bryant contacted Johnson and advised him that the lender had not agreed to a modification of the loan secured by the residence. Further, that the lender was proceeding with a non-judicial foreclosure sale and that Branch needed to file a bankruptcy case to stop the foreclosure sale.

Bryant elicited testimony from Johnson and Branch, and Bryant argued at the hearing (though he did not testify) that it was known by Branch and Johnson that the filing of a bankruptcy case might cause the lender to enter into the loan modifications which Bryant was working on obtaining for Branch. Bryant asked a series of questions to elicit responses from the witnesses to confirm that:

(1) Bryant attended the foreclosure sale,

(2) Bryant stated that he was told by the "crier" at the non-judicial foreclosure sale that the filing of a bankruptcy case, even after the non-judicial foreclosure sale was conducted could lead to the lender rescinding the foreclosure sale and entering into a loan modification, and

(3) that the bankruptcy case was filed by Branch as part of Bryant's services in attempting to obtain the loan modifications for Branch.

Johnson testified that when Bryant called to advise him that a bankruptcy case needed to be filed to protect the property and try and obtain the loan modification it was a "911 emergency call" requiring immediate action. Johnson contacted Branch and a meeting

was hastily arranged for Branch and Johnson to meet one of Bryant's employees at a Jack in the Box restaurant to be provided with the documents necessary for Branch to commence her bankruptcy case. Branch met Bryant's employee at the restaurant, obtained the documents, and was driven to the bankruptcy court so the bankruptcy documents prepared by Bryant could be filed with the court. Branch, using the documents prepared by Bryant, commenced her bankruptcy case on June 17, 2013 (the Petition, Dckt. 1, bearing the time stamp of 3:00 p.m.).

Subsequently, Branch filed additional documents with the court, including Schedule C, the exemptions claimed by Branch in the bankruptcy case. Completing Schedule C requires the selection of not only which property and the dollar amounts which may be claimed as exempt, but the further legal determination which of two statutory exemption schemes available under California law should be selected by a debtor.[16] Branch obtained the completed Schedule C filed in this case from Bryant.

Branch went to Bryant's office, which he maintains at his home, to pick up the Schedule C filed with the Bankruptcy Court. With Branch sitting with Bryant in his office, Bryant printed off the completed Schedule C for Branch to sign and file with the court. Branch did not participate in the preparation of Schedule C (other than having previously provided Bryant with asset and liability information), nor did Branch select, or participate in the decision to select, the exemption scheme and the specific exemptions which were stated on Schedule C. Bryant made the

---

[16] California Code of Civil Procedure § 703.140(b) or §§ 704.010, 704.210, 704.720, and 704.930 et seq.

determination of which of the two exemption schemes under California law would be used by Branch and Bryant determined the amount which should be claimed in the specific assets.

Determining whether someone should file bankruptcy is engaging in the practice of law. Determining the proper exemptions to be claimed and amount of exemptions is the providing of legal services – not merely completing forms with information provided by a debtor. *Frankfort Digital Services v. Kistler* (*In re Reynoso*), 477 F.3d 1117 (9th Cir. 2007); *In re Gabrielson*, 217 B.R. 819, 827 (Bankr. Ariz. 1998). In advising that Branch needed to or should file bankruptcy, and by preparing and providing the completed Schedule C to Branch, Bryant provided legal services to Branch. Bryant is not, and does not assert to be, a licensed attorney in California (or any other state, district, or territory).

The documents prepared by Bryant, or his employees, for Branch to be filed with the bankruptcy court which are the subject of this Contested Matter are:

1.   Voluntary Petition
2.   Summary of Schedules
3.   Statistical Summary
4.   Schedule A
5.   Chapter 7 Statement of Intention
6.   Verification of Master Address List
7.   Application to pay fees in installments
8.   Verification of Master Address List
9.   Summary of Schedules
10.  Statistical Summary
11.  Exhibit D - Debtor's Statement of Compliance Credit

Counseling Requirement

12.  Schedules A-J (10 separate "documents")[17]

13.  Declaration Concerning Schedules

14.  Statement of Financial Affairs

15.  Chapter 7 Individual Debtor's Statement of Intention

16.  Form B22C.

## ALLOCATION OF FEES FOR BANKRUPTCY PETITION PREPARER SERVICES

Bryant charged $4,000.00 in fees for each of the three properties owned by Branch – with a total of $12,000.00 in fees paid to Bryant.  It is Bryant's argument that all of the fees were paid only for his services in attempting to obtain the loan modifications.  The preparation of the bankruptcy documents, and telling Branch that filing for bankruptcy was proper and could assist in obtaining the loan modifications, are asserted by Bryant to be mere ancillary acts for which none of the fees paid to Bryant related.  In substance, Bryant argues (not having presented any testimony) that he did not charge for bankruptcy petition preparer services, but merely did it due to the "emergency" need to file a bankruptcy case.  Bryant contends that he then subsequently

---

[17]  The court gives Bryant the "benefit" of counting the Schedules as one "document," though each schedule could be counted as a separate document.  The U.S. Trustee seeks the full award of $500.00 per document for each of the 25 individual documents which Bryant prepared and gave to Branch for filing with this court.  Even if the court were to compute the fines on the larger number of documents, the deterrent effect of the award would be limited.  The court has already awarded $42,000.00 in fines, $10,000.00 in statutory damages, and disgorgement of $5,000.00 in fees (for a total of $57,000.00) to be paid by Bryant in the *Semchenko* case.  Even with the lower number of documents (or if the court ordered less than the full $500.00 fine for each of the 25 documents), the fines in this case, after trebling, are $38,100.00 – a very substantial amount.

attempted to have Branch engage the services of a bankruptcy
attorney to take over her case.

These arguments of Bryant are not credible and not supported
by the evidence.  Bryant elicited testimony that the filing of
bankruptcy could well be not only an important part of obtaining a
loan modification, but be the action which would cause the lender
to modify the loan.  The preparation of the bankruptcy documents
for Branch to file with the court were part of the services for
which Bryant was paid the $12,000.00 fees by Branch.

**California Civil Code § 2944.7 Does Not Require**
**A Finding That The $12,000.00 Of Fees**
**Are For Services As A Bankruptcy Petition Preparer**

The U.S. Trustee asserts that none of the $12,000.00 of fees
paid to Bryant could relate to the loan modification services
because receiving such payments would violate California law.

§ 2944.7.  Unlawful activities in conjunction with
mortgage loan modification; Punishment; Permissible
activities; Applicability

(a) Notwithstanding any other provision of law, it shall
be unlawful for any person who negotiates, attempts to
negotiate, arranges, attempts to arrange, or otherwise
offers to perform a mortgage loan modification or other
form of mortgage loan forbearance for a fee or other
compensation paid by the borrower, to do any of the
following:

(1) Claim, demand, charge, collect, or receive any
compensation until after the person has fully performed
each and every service the person contracted to perform
or represented that he or she would perform....

(b) A violation of this section by a natural person is a
public offense punishable by a fine not exceeding ten
thousand dollars ($10,000), by imprisonment in the county
jail for a term not to exceed one year, or by both that
fine and imprisonment, or if by a business entity, the
violation is punishable by a fine not exceeding fifty
thousand dollars ($50,000).  These penalties are
cumulative to any other remedies or penalties provided by
law....

(d) This section shall apply only to mortgages and deeds of trust secured by residential real property containing four or fewer dwelling units.

California Civil Code § 2944.7.

The California Legislature also enacted the following provision concerning the disclosures required of anyone who provides loan modification services for a fee.

§ 2944.6.   Notice provided to borrower; Translation; Fine; Applicability

(a) Notwithstanding any other provision of law, any person who negotiates, attempts to negotiate, arranges, attempts to arrange, or otherwise offers to perform a mortgage loan modification or other form of mortgage loan forbearance for a fee or other compensation paid by the borrower, shall provide the following to the borrower, as a separate statement, in not less than 14-point bold type, prior to entering into any fee agreement with the borrower:

It is not necessary to pay a third party to arrange for a loan modification or other form of forbearance from your mortgage lender or servicer. You may call your lender directly to ask for a change in your loan terms. Nonprofit housing counseling agencies also offer these and other forms of borrower assistance free of charge. A list of nonprofit housing counseling agencies approved by the United States Department of Housing and Urban Development (HUD) is available from your local HUD office or by visiting www.hud.gov....

(c) A violation of this section by a natural person is a public offense punishable by a fine not exceeding ten thousand dollars ($10,000), by imprisonment in the county jail for a term not to exceed one year, or by both that fine and imprisonment, or if by a business entity, the violation is punishable by a fine not exceeding fifty thousand dollars ($50,000). These penalties are cumulative to any other remedies or penalties provided by law....

(e) This section shall apply only to mortgages and deeds of trust secured by residential real property containing four or fewer dwelling units.

California Civil Code § 2944.6.

While the U.S. Trustee attempts to impute an intention on

17

Bryant's part not to violate California law, such a contention runs contrary to the evidence in this Contested Matter. The testimony clearly establishes that Bryant charged and collected $12,000.00 in fees for providing his services in attempting to obtain loan modifications for Branch. These services included preparation of bankruptcy documents for Branch to file with this court. These fees were paid by Branch to Bryant before Bryant "fully performed each and every service [the loan modifications] the person contracted to perform or represented that he or she [Bryant] would perform." Cal. Civ. § 2944.7(a). The court finds that Bryant charged and collected, in advance of Branch obtaining any loan modifications, $12,000.00 of fees for his services in representing Branch in trying to obtain the three loan modifications. No loan modifications have been obtained by Bryant for Branch.

The evidence presented establishes that Branch requested that Bryant provide her with a written contract for the services provided. The evidence also establishes that Bryant refused, not merely failed, to provide Branch with such a contract. There was no evidence presented that Bryant provided Branch with the notice required under California Civil Code § 2944.6.

By not providing a contract, Bryant creates the present situation where there is not a clear statement by Bryant as to what portion of the $12,000.00 in fees related to the preparation of the bankruptcy documents he prepared for Branch to file with the court. Having failed to provide such a contract, the court is left to make that determination based upon the evidence presented.

The court finds that the bankruptcy case was filed as one of the services provided by Bryant in connection with the loan

modification services for the three properties.  The court properly
allocates a portion of the $12,000.00 in fees to the non-bankruptcy
petition preparer services.

Bryant contends that Branch and Johnson have come to this
Contested Matter and are before the court to recover a "big payday"
under the statutory damages provisions which provide for a debtor
to recover two-times the fees paid the bankruptcy petition
preparer.    The U.S. Trustee asserts that such amount would be
$24,000.00, premised on all $12,000.00 of the fees being allocated
to the bankruptcy petition preparer services and nothing allocated
to the significant loan modification services provided by Bryant.
In rejecting the U.S. Trustee's argument that a portion of the fees
could not relate to what would be an illegal act under California
law, this court precludes there being any "big payday" for the
Debtor.    Instead, this court gives effect to the statutory
provisions of 11 U.S.C. § 110 and orders the disgorgement of fees
and determination of statutory damages based on only the portion of
the fees which related to the bankruptcy petition preparer
services.

In determining the amount of fees for the bankruptcy petition
preparer services provided by Bryant, the court finds the testimony
of Branch and Johnson credible.    They testified to the loan
modification and bankruptcy petition preparer services provided by
Bryant, much of which testimony was elicited by Bryant in
conducting hostile witness direct and cross-examination.  Further,
the testimony is consistent with the arguments of Bryant in this
Contested Matter that he has provided substantial loan modification
services.  While higher than the presumptive $125.00 amount, this

19

1  amount is consistent with the substantial bankruptcy petition
2  preparer services provided by Bryant.

3      Based on the evidence provided, the court properly allocates
4  $450.00 of the fees paid to the bankruptcy petition preparer
5  services. (The court does not determine whether the $450.00 amount
6  is proper or could be retained by this bankruptcy petition
7  preparer, if it had been disclosed.)

### COMPUTATION OF FINES, FORFEITURES, AND DAMAGES

**Failure To Disclose Identity**
**Of Bankruptcy Petition Preparer**

11     No disclosure is made in the bankruptcy case or for any of the
12  above documents that Bryant (directly or through his business
13  employees) is providing services as a bankruptcy petition preparer.
14  The U.S. Trustee requests that the court impose fines in the amount
15  of $500.00 for each of the documents prepared by Bryant for Branch
16  to file with the bankruptcy court. The court computes these fines
17  based on there being 16 documents and imposing the maximum $500.00
18  fine for each of those documents. These fines total $8,000.00, and
19  are properly imposed pursuant to 11 U.S.C. § 110(b)(1)(1), for
20  failure to comply with 11 U.S.C. § 110(b)(1).

**Fine For Failure To Disclose Fees Paid To**
**The Bankruptcy Petition Preparer**

23     The U.S. Trustee next requests that the court also impose a
24  fine of $500.00 for Bryant having received fees and his failure to
25  disclose those fees. Bryant's failure to file Official Form 19B
26  for this bankruptcy case filed by Branch constitute violations of
27  11 U.S.C. § 110(b)(2)(A).

28     Bryant operated, as shown by the evidence, a business for

which Bryant charged substantial fees ($12,000.00) for his services. Bryant is not an unsophisticated, simple person who inadvertently tripped over the law. He professed to have specialized knowledge, connections with other professionals, and an ability to obtain loan modifications when the consumer had been unsuccessful. Imposing the $500.00 fine for failure to disclose the fees is appropriate and so ordered by the court.

**Fine For Failure To Disclose Fees Received In The**
**12-Month Period Preceding Commencement Of Bankruptcy Case**

The U.S. Trustee requests that the court impose $500.00 in fines, for Bryant's failure to disclose the $12,000.00 in fees received from Branch in the 12-month period preceding the commencement of each of the bankruptcy cases. 11 U.S.C. § 110(h)(2). This disclosure request is different from merely disclosing that Bryant was the bankruptcy petition preparer or the fee he received for the services as a Document Petition Preparer. This requires disclosure of all fees, and provides a check in the system so that creditors, bankruptcy trustee, and U.S. Trustee are aware of all of the dealings between the bankruptcy petition preparer and the Debtors. Then, if appropriate, an inquiry can be made to determine if the other fees were for *bona fide* services, or merely disguised "fees" intended to circumvent the cap on fees that a bankruptcy petition preparer may charge a client. Imposing the full $500.00 fine is warranted for the non-disclosure of fees by Bryant.

///

///

///

21

**Fines For Failure To Disclose Social
Security Identification Number**

The U.S. Trustee requests that the court impose additional fines for the failure of Bryant to disclose his Social Security number on the documents prepared as a bankruptcy petition preparer.[18]  Clearly, the court should address these violations and Bryant should not be given a "pass" for not disclosing his Social Security number because he completely hid his activities as a bankruptcy petition preparer for the court.  However, doubling up the $500.00 per document sanction does not strike the court as appropriate under these circumstances.  Therefore, the court imposes sanctions of only $200.00 per document for each of the 16 documents.  This results in fines of $3,200.00 for the violations of 11 U.S.C. § 110(c)(1) and (2) in the Branch bankruptcy case.

**Fine For Improperly Providing Legal Advice**

The U.S. Trustee requests that the court impose a $500.00 fine for Bryant, who is not an attorney, providing legal advice in the form of selecting the exemptions used on Schedule C filed by Branch.[19]  The uncontradicted evidence presented establishes that Bryant prepared Schedule C for Branch, Bryant made the determination of what exemption law should be chosen for Branch, and Bryant delivered the completed Schedule C to Branch for her to

---

[18]  Though the U.S. Trustee requests the full $500.00 fine for each of the 25 documents, the court uses the number of 16 documents times the full $500.00 fine.  If the court were to use the 25 document number, then an $8,000.00 fine would be based on a fine of $320.00 per document.

[19]  The court notes that Bryant also provided legal advice by advising Branch that she should file bankruptcy.

sign.   Branch did not participate in the determination of what
exemptions law was to be selected, the assets to be claimed as
exempt, or the amount to be claimed as exempt in each asset.

     A bankruptcy petition preparer may not provide legal services
to a debtor, unless that bankruptcy document preparer is also an
attorney licensed to practice law.   11 U.S.C. § 110(e)(2).   Bryant
is not an attorney licensed to practice law.   Bryant provided legal
services in violation of § 110(e)(2) and the court imposes a fine
of $500.00 pursuant to 11 U.S.C. § 110(l)(1).

**Statutory Trebling Of The § 110 Fines**

     The U.S. Trustee requests that the court treble the fines
imposed by the court, as provided by 11 U.S.C. § 110(l)(2)(D).
This statute provides that the court "shall" (not "may") triple the
fines issued for violation 11 U.S.C. § 110(b), (c), (d), (e), (f),
(g), or (h), if a bankruptcy petition preparer,

>          (A) advised the debtor to exclude assets or income that
>          should have been included on applicable schedules;
>
>          (B) advised the debtor to use a false Social Security
>          account number;
>
>          (C) failed to inform the debtor that the debtor was
>          filing for relief under this title; or
>
>          (D) prepared a document for filing in a manner that
>          failed to disclose the identity of the bankruptcy
>          petition preparer.

11 U.S.C. § 110(l)(2)(D).

     It is the fourth ground which is applicable to the conduct of
Bryant as an undisclosed bankruptcy petition preparer for trebling
the fines.   It has been demonstrated that Bryant prepared (either
personally, with his computer software, or through his employees)
documents for filing with the bankruptcy court which failed to

disclose the identity of Bryant as a bankruptcy petition preparer for Branch.    The fines imposed by the court total $12,700.00. These fines are trebled pursuant to 11 U.S.C. § 110(l)(2)(D) to $38,100.00.

**Statutory Forfeiture Of Fees**

Congress has further provided that a bankruptcy petition preparer who fails to comply with the provisions of 11 U.S.C. § 110(b), (c), (d), (e), (f), or (g), or (h) may be ordered to forfeit all fees in any cases for which the failures occurred. Here, Bryant received $450.00 in fees for the bankruptcy petition preparer services to Branch, and failed to comply with the provisions of 11 U.S.C. § 110(b), (c), and (h).    The court is permitted, but not required, to order the forfeiture of fees.    It is clear to the court that Bryant has a part of his business providing bankruptcy petition preparer services to Branch.    Bryant hid these services from the court, creditors, Chapter 7 Trustee, and U.S. Trustee.

Pursuant to 11 U.S.C. § 110(h)(3)(A)(i) and (B); as separate and independent grounds, the court orders that Bryant forfeits the $450.00 in fees that he received from Branch for preparing documents as a bankruptcy petition preparer and that Bryant pay $450.00 to Susan K. Smith, the Chapter 7 Trustee, forthwith.    The Trustee, or her successor, including Branch if this award is abandoned upon the closing of the case, may enforce the $450.00 forfeiture of fees as a monetary award in that amount against Bryant in the same manner as a judgment.

///

///

## Computation Of Actual Or Statutory Damages

In addition to the fines, Congress provides for debtors to recover their actual damages or statutory damages when a bankruptcy petition preparer fails to comply with the requirements of 11 U.S.C. § 110.  The U.S. Trustee does not assert that Branch has suffered any actual damages.  Even if there are not actual damages, the court shall (not "may") award statutory damages which are computed to be the greater of either (1) $2,000.00 or (2) twice the amount paid by the Debtor to Bryant for his services.  11 U.S.C. § 110(i)(1)(B).  The evidence presented to the court is that $450.00 was paid by Branch to Bryant for his services as a bankruptcy petition preparer.  The court awards Branch the greater amount of $2,000.00 in statutory damages pursuant to 11 U.S.C. § 110(i)(1)(B)(i).

## No Other Relief Requested By The U.S. Trustee

In his Motion, the U.S. Trustee only requested relief in the form of fines, forfeiture of fees, and statutory damages for Branch.  The U.S. Trustee did not request any other monetary relief to the extent permissible under 11 U.S.C. § 110.  No other relief is granted by the court.

### CONCLUSION

The court finding that Bryant is a bankruptcy petition preparer; that he provided services as a bankruptcy petition preparer to Branch in bankruptcy case E.D. Cal. 13-28174; and that Bryant failed to comply with the provisions of 11 U.S.C. § 110(b), (c), (e), and (h) for services provided as a bankruptcy petition preparer;

A.    The court imposes $38,100.00 in fines (as trebled) which

shall be paid by David L. Bryant to the United States Trustee for Region 17;

B.    The court awards statutory damages in the amount of $2,000.00 to Frances E. Branch and against David L. Bryant;

C.    The court orders the fees in the amount of $450.00 paid to David L. Bryant are forfeited, and that David L. Bryant pay the sum of $450.00 to Susan K. Smith, the Chapter 7 Trustee, or her successor in interest.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rules of Bankruptcy Procedure 7052, 9014.  The court shall issue a separate order consistent with this Decision.

Dated: January **7**, 2014

RONALD H. SARGIS, Judge
United States Bankruptcy Court

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and __XX____ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Frances Branch
3536 Loggerhead Way
Sacramento, CA 95834

Julie B. Gustavson
3013 Douglas Blvd. Suite 200
Roseville, CA 95661

David Bryant
12413 Kibbie Lake Way
Rancho Cordova, CA 95742

Susan Smith
2701 Del Paso Road, Suite 130-PMB 399
Sacramento, CA 95835